## JOSEPH PUTNEY *vs.* REUBEN DRESSER.

Where two or more persons disseize another of lands, they are joint tenants ; and, therefore, though one of them die seized, after continuing in peaceable possession for five years, no descent is cast, and the lawful owner's right of entry is not thereby tolled.

If a disseizee lawfully enters upon the land and exercises acts of ownership thereon, he thereby regains the possession sufficiently to entitle him to maintain an action of trespass against the disseizor for his subsequent entry.

Whether the provision in the Rev. Sts. *c.* 119, § 8, that " no person shall be deemed to have been in possession of lands merely by reason of having made an entry thereon, unless he shall have continued in open and peaceable possession thereof for one year next after such entry, or unless an action shall be commenced upon such entry and seizin, within one year after he shall be ousted or dispossessed," applies to the action of trespass — *Quære.* If it does, yet it did not take effect until the 31st of December 1839.

TRESPASS for breaking and entering the plaintiff's close in Goshen, on the 1st of January 1834, and afterwards on divers days before the 27th of December 1839, when the action was commenced. *Dewey,* J. before whom the trial was had, reported the case thus :

The plaintiff introduced evidence tending to prove that his father, Ebenezer Putney, died seized of the *locus in quo* in 1810, and that on a partition of his real estate, afterwards made, a tract of land including the *locus* was duly assigned to the plaintiff, which he occupied for two or three years, including the year 1815.

The defendant introduced evidence tending to prove that Moses Dresser and Aaron Dresser, in June 1818, entered upon the *locus in quo,* under a deed of Moses Putney conveying the same to them, and disseized the plaintiff, and themselves continued seized till the death of Aaron Dresser in 1827 ; and that the defendant is one of the heirs of said Aaron : that said Moses Dresser was also one of the heirs of said Aaron, and that he continued in possession of his undivided moiety of the land, after said Aaron's death.

There was no evidence of any entry on the *locus,* or any claim thereto, by the plaintiff, after the year 1818, during the life of Aaron Dresser ; but there was evidence tending to

prove an entry by him in 1835 or 1836, and also in December 1839.

The defendant contended, that as Aaron Dresser died seized of an undivided moiety of the land, and had been, at the time of his death, so seized for more than five years, the plaintiff's right of entry upon a moiety had been tolled ; that a part of that moiety descended to the defendant, as one of the heirs of said Aaron ; and therefore that the plaintiff could not maintain this action.

It was ruled, however, for the purposes of the trial, that the plaintiff's right of action was not barred, if the jury should be satisfied that he made an entry sufficient to revest the possession in him, independently of the objection that the right of entry was lost by reason of the death of Aaron Dresser, and the descent of the estate to his heirs.

The defendant further contended, that if the jury should be satisfied that the Dressers had remained in open possession and occupation of the land from the year 1818, to the date of the plaintiff's writ, a formal entry by the plaintiff in 1835 or 1836, could be of no avail, unless he commenced his action within one year thereafter, or at least within one year after the expiration of twenty years from the commencement of the adverse possession of Aaron and Moses Dresser.

But it was ruled, that as the plaintiff had the legal title to the land, (as was conceded,) his entry upon it, as his, and his exercising acts of ownership thereon, were sufficient to revest his possession ; that if he did thus enter in 1835 or 1836, the subsequent entry of the defendant was a trespass for which the plaintiff was entitled to maintain his action ; and that if the jury should find that there was also an actual entry by the plaintiff in December 1839, accompanied by acts of ownership, then the plaintiff might recover for the various entries of the defendant upon the land and the acts thereon done by him, between the times of the two entries by the plaintiff.

The jury returned a verdict for the plaintiff, which was to be set aside, and a new trial granted, if the above rulings were wrong ; otherwise, judgment to be rendered on the verdict.

*Forbes*, for the defendant. Though by the common law Aaron and Moses Dresser would have been joint tenants ; Co. Lit. 180 *a* ; yet by *St.* 1785, *c.* 62, § 4, they were tenants in common, and on the death of Aaron, a moiety of the estate descended to his heirs, and the plaintiff's right of entry, as to a moiety, was tolled. Lit. § 385. Co. Lit. 240 *b.* 4 Kent Com. (1st ed.) 350. Stearns on Real Actions, 64. *Emerson* v. *Thompson*, 2 Pick. 489. If, however, the plaintiff's entry was congeable, yet he cannot maintain this action ; for he did not continue in open and peaceable possession for a year, nor commence the action within a year after he was dispossessed, according to the requisitions of the Rev. Sts. *c.* 119, § 8.

*Huntington*, for the plaintiff. As the grantor of Aaron and Moses Dresser had no title, they acquired nothing under his deed, and were therefore mere disseizors ; and by the common law were joint tenants. Lit. § 278. The *St.* of 1785, *c.* 62, § 4, changed the common law only as to " gifts, grants, feoffments, devises and other conveyances." On the decease of Aaron Dresser, therefore, Moses Dresser took the whole estate by survivorship. No descent was cast, nor was the plaintiff's right of entry tolled.

The 8th section of *c.* 119 of the Rev. Sts. does not apply to an action of trespass ; or if it does, it did not take effect till the 31st of December 1839, four days after this action was commenced. By the law, as it stood before that section took effect, the plaintiff's entry was sufficient to entitle him to maintain trespass against a disseizor.

DEWEY, J. The defendant insists that the action of trespass *quare clausum* will not lie upon the facts stated in this case. The position assumed is, that as to a moiety of the estate in the premises upon which the trespass is alleged to have been committed, the plaintiff's right of entry was tolled.

By the principles of the common law, modified by the *St.* of 32 Hen. VIII. *c.* 33, and which were adopted and recognized, as a part of our legal code, until superseded by the enactment in the Rev. Sts. *c.* 101, § 5, if a disseizor had been in the peaceable possession of land, as such disseizor, for the space of five

years next after the disseizin, and should die thus seized, and his estate descend to his heirs at law, it would bar the right of entry of the disseizee.

The defendant contends that the disseizin in 1818, by Moses Dresser and Aaron Dresser, the grantees in the deed from Moses Putney, was not a joint disseizin, or one which would create a joint tenancy in them, but only an estate as tenants in common. It is true that under *St.* 1785, *c.* 62, the title in Moses Dresser and Aaron Dresser, if any had passed to them under their deed from Moses Putney, would have been an estate in common, and not in joint tenancy. But no title passed to them under that deed, their grantee having no title and no right to convey. As respects the plaintiffs, they were strictly disseizors, and as much so as if they had entered without receiving any deed. The inquiry then arises as to the effect of a disseizin by two or more persons. Littleton, § 278, says, " if two or three disseize another of any lands or tenements to their own use, then the disseizors are joint tenants." There may be, therefore, a joint tenancy created by disseizin, as well as by a deed or devise. The *St.* of 1785, *c.* 62, applies only to cases arising under deeds and wills, leaving the cases of disseizin to be regulated by the common law. It seems to us, therefore, that the disseizin in the present case was a joint disseizin ; and being such, it was not competent for the disseizors to qualify it, and limit it to a tenancy in common, to the prejudice of the legal owner of the estate. If the estate of the two disseizors might be qualified, as between themselves and their heirs, and if the effect of their deed from Moses Dresser would have been to estop them from setting up, as against each other, an estate in joint tenancy, yet this should not be allowed to affect the disseizee, or be prejudicial to his rights.

If this be a correct view upon this point, then the death of Aaron Dresser did not bar the right of entry of the lawful owner of the estate, and he might well make his entry upon Moses Dresser, the survivor of the disseizors, and revest his possession, and thus entitle himself to maintain an action of trespass.

It was also objected to the maintenance of the present action,

that the entry by the plaintiff was not effectual to establish his possession, by reason of the provision of the Rev. Sts. *c.* 119, § 8, in which it is enacted, that " no person shall be deemed to have been in possession of any lands, within the meaning of this chapter, merely by reason of having made an entry thereon, unless he shall have continued in open and peaceable possession of the premises for the space of one year next after such entry, or unless an action shall be commenced upon such entry and seizin, within one year after he shall be ousted, or dispossessed of the premises." Whether this, section was intended to apply to an action of trespass, we have not thought it necessary particularly to consider ; inasmuch as it seems to us that the section is to be taken to be a part of the new system introduced by the provisions of chapter 119 ; and being so, that the 11th section, postponing the time for its taking effect to the 31st of December 1839, applies as well to the 8th section as to the other limitations introduced into this chapter. Such being the construction of the statute, this objection cannot avail the defendant.

*Judgment on the verdict.*